J. Patrick Hyland Washington County Attorney 321 C Street, Suite 102 Washington, Kansas 66968
Dear Mr. Hyland:
You request our opinion concerning registration, driver's licenses, vehicle safety equipment, obedience to traffic laws, and taxation requirements for all-terrain vehicles (ATVs). Specifically, you ask fourteen questions which we will address in turn.
Question 1: Can ATVs be operated upon the right of way of federal and state highways, either on or off the roadway of such highway, if being used for agricultural purposes (e.g., traveling from one farm tract to another farm tract)?
K.S.A. 8-128(a), as amended by L. 1994, ch. 235, sec. 2, imposes an absolute ban upon the operation of ATVs on federal and state highways.See Attorney General Opinion No. 85-62. The pertinent statutory language in K.S.A. 8-128(a) provides: ". . . no all-terrain vehicle shall be operated on any interstate highway, federal highway or state highway for agricultural purposes or any other purpose." Further, K.S.A. 68-413b
states: "All rights of way of state highways shall be used exclusively for public highway purposes." Therefore, because ATVs may not be operated on any federal or state highway, they may not be operated on any right of way of any federal or state highway.
Question 2: If ATVs can be operated upon the right of way of federal and state highways for agriculture purposes, does the operator have to have a valid driver's license?
Because we have concluded that ATVs may not be operated on the right of way of any federal or state highway, there is no need to address this issue.
Question 3: Can ATVs be operated upon public streets and within alley ways of a second or third class city during daylight hours?
As we have previously opined, ATVs may be operated on the public streets of a second class city in the absence of any valid local prohibition. Attorney General Opinion No. 85-62. The statutory prohibition against the operation of such vehicles applies only to "any interstate highway, federal highway or state highway." K.S.A. 8-128(a), as amended by L. 1994, ch. 235, sec. 2. Therefore, it follows that under state law ATVs may be operated upon the public streets of a third class city. K.S.A. 8-128(a), as amended by L. 1994, ch. 235, sec. 2, contains a limitation on the operation of ATVs "between the hours of 1/2 hour after sunset until 1/2 hour before sunrise." However, this limitation in no way affects the operation of such vehicles during daylight hours.
An alley is a "street or highway intended to provide access to the rear or side of lots or buildings in urban districts and not intended for the purpose of through vehicular traffic." K.S.A. 8-1402. Because an alley is a "street or highway" the same analysis applies. ATVs may not be operated upon an alley that is part of any interstate, federal or state highway or within the limits of any first class city. K.S.A. 8-128(a), as amended by L. 1994, ch. 235, sec. 2. By negative implication, ATVs may be operated upon an alley that is within the limits of a second or third class city absent any local restrictions and subject to the daylight restrictions set out in K.S.A. 8-128(a), as amended by L. 1994, ch. 235, sec. 2.
Question 4: Can ATVs be operated upon public streets and within alley ways of a second or third class city during hours of darkness if equipped with the appropriate lights as required for motorcycles?
K.S.A. 8-128(a), as amended by L. 1994, ch. 235, sec. 2, provides that:
 "No all-terrain vehicle shall be operated on any public highway, street or road between the hours of 1/2 hour after sunset until 1/2 hour before sunrise, unless equipped with lights as is required by law for motorcycles."
Therefore, if an ATV is equipped with lights as required for motorcycles, then it may be operated in permissible areas during the hours of darkness.
Question 5: If ATVs can be operated upon public streets and within alley ways of a second or third class city, can the ATVs be operated two abreast in one lane?
The general rule is that vehicles shall not be operated two abreast. K.S.A. 8-1522(a) provides "a vehicle shall be driven as nearly as practicable entirely within a single lane." This is the purpose of lanes on streets and highways. K.S.A. 8-1595(d) offers an exception to the general rule by authorizing motorcycles to operate two abreast in a single lane. The question then is whether an ATV is a motorcycle or a vehicle for the purposes of this statute.
A motorcycle is a "vehicle designed to travel on not more than three wheels in contact with the ground. . . ." K.S.A. 1993 Supp. 8-126(d), as amended by L. 1994, ch. 235, sec. 1. An ATV is "any motorized off-highway vehicle . . . traveling on three or more low-pressure tires." K.S.A. 1993 Supp. 8-126(bb), as amended by L. 1994, ch. 235, sec. 1. Therefore, there are instances when an ATV will meet the definition of motorcycle, and can travel two abreast in a single lane. The determining factor in meeting the exception is the number of wheels in contact with the ground.
Question 6: Can ATVs be operated on county or township highways and roads?
K.S.A. 68-102(3) defines "county roads" as "all roads designated as such by the board of county commissioners, including roads on the county secondary road system and class A roads in county road unit counties." K.S.A. 68-102(5) defines "township roads" as "all roads within a township not within a county road unit county other than federal, state, and county roads."
Limitations on the operation of ATVs are set out in K.S.A. 8-128(a), as amended by L. 1994, ch. 235, sec. 2. While this statute establishes an absolute ban on the operation of ATVs on state and federal highways, there is no mention of "county roads" or "township roads." Therefore, ATVs may be operated on "county roads" and "township roads" subject to the other limitations set out in K.S.A. 8-128(a).
Question 7: If ATVs can be operated on county or township highways and roads, are the ATVs required to have a slow-moving vehicle emblem affixed to the ATV?
A "slow-moving vehicle" is defined by K.S.A. 8-1717(e)(1) as "any vehicle, farm tractor, implement of husbandry, equipment or piece of machinery designed for use at speeds of less than 25 miles per hour, or which is normally moved at speeds of less than 25 miles per hour. . . ." K.S.A. 8-1717(e)(2) requires slow-moving vehicles to display a particular emblem. The definition of an ATV makes no mention of the speed of the vehicle. K.S.A. 1993 Supp. 8-126(bb), as amended by L. 1994, ch. 235, sec. 1. We have been provided no factual information concerning the speed of ATVs. If an ATV is designed for use at speeds of less than 25 miles per hour, it must display a "slow-moving vehicle" emblem. If an ATV is designed for use at speeds greater than 25 miles per hour, it is not a "slow-moving vehicle," and therefore, need not display such an emblem.
Question 8: Can ATVs be operated on any highway, road or alley way by a person under 18 years of age with a valid driver's license?
K.S.A. 1993 Supp. 8-235(a) provides "no person, except those expressly exempted, shall drive any motor vehicle upon a highway in this state [as defined by K.S.A. 1993 Supp. 8-126(s)] unless such person has a valid driver's license." There is a limited exception to the licensure rule for those persons operating any farm tractor or implement of husbandry in certain circumstances K.S.A. 8-237. K.S.A. 1993 Supp. 8-237(a) provides that a driver's license will not be issued to anyone under the age of 16 years, except as allowed for restricted licenses. [But see, K.S.A. 1993 Supp. 8-239 authorizing issuance of instruction permits to persons between the ages of 14 and 16.] No special requirement is needed to operate an ATV, only a valid driver's license in the class depending on the classification of the ATV as a passenger vehicle or motorcycle.
Question 9: If ATVs can be operated off private property by a licensed person under 18 years of age, is that person required to wear eye protection and/or a safety helmet?
Once again, this question will turn on whether the ATV in question is a passenger car or a motorcycle. K.S.A. 8-1598 provides:
 "(a) No person under the age of 18 years shall operate or ride upon a motorcycle or motorized bicycle, unless wearing a helmet which complies with minimum performance requirements. . . .
 "(b) No person shall operate a motorcycle unless such person is wearing an eye-protective devise of a type which complies with standards established by the secretary of transportation, except when the motorcycle is equipped with a windscreen which has a minimum height of 10 inches measured from the center of the handlebars."
K.S.A. 8-1598(c) provides exclusions to this section, but none of which include an ATV. Therefore, a three-wheeled ATV is included in the motorcycle regulations, and an operator under the age of 18 is required to wear protective eye wear and helmet. These requirements will not apply to a four wheeled ATV.
Question 10: Can persons without a valid drivers license operate ATVs on streets, or county or township roads in connection with agricultural purposes?
The general rule is that "[n]o person, except those expressly exempted, shall drive any motor vehicle upon a highway in this state unless such person has a valid driver's license." K.S.A. 1993 Supp.8-235(a). According to K.S.A. 1993 Supp. 8-126(b), as amended by L. 1994, ch. 235, sec. 1, an ATV is clearly a "motor vehicle." In addition, "highway" is generally defined as "[e]very way or place of whatever nature open to the use of the public as a matter of right for the purpose of vehicular travel." K.S.A. 1993 Supp. 8-126(s), as amended by L. 1994, ch. 235, sec. 1.
Four express exemptions to this rule are found in K.S.A. 8-236. The first three exemptions apply to nonresidents who are licensed by their home state or who are not required to be licensed by their home state. The fourth exemption provides an exception for "any person while driving or operating during the hours between sunrise and sunset any farm tractor or implement of husbandry, from the farm residence to a field farmed in connection with such farm residence, or from one farm field to another." K.S.A. 8-236(4).
We have no factual information concerning the design purposes of ATVs. Unless an ATV is a "motor vehicle designed and used as a farm implement power unit," it does not qualify as a "farm tractor" within the definition provided by K.S.A. 1993 Supp. 8-126(f), as amended by L. 1994, ch. 235, sec. 1. Furthermore, an ATV cannot qualify as an "implement of husbandry" unless it is "designed or adapted and used exclusively for agricultural operations and only incidentally moved or operated upon the highways." K.S.A. 1993 Supp. 8-126(cc), as amended by L. 1994, ch. 235, sec. 1, (emphasis added). If these definitions do not fit, and the ATV operator cannot satisfy one of the nonresident exemptions in K.S.A. 8-236, the ATV operator must have a valid driver's license in order to operate an ATV in this state.
Question 11: Are ATVs which are utilized for both recreational and agricultural purposes exempt from registration and taxation?
The general rule is that all vehicles must be registered pursuant to K.S.A. 8-127. Exceptions to this rule are listed in K.S.A. 8-128, as amended by L. 1994, ch. 235, sec. 2. K.S.A. 8-128(a)(2) provides that "all-terrain vehicles when used for agricultural purposes" need not be registered. However, no such exemption exists when an ATV is being used for recreational purposes. Therefore, if an ATV is used for both recreational and agricultural purposes, the vehicle must be registered pursuant to K.S.A. 8-127.
Question 12: If ATVs are utilized for other than agricultural purposes (recreational, street maintenance, everyday transportation), are they to be registered as motorcycles or motor-driven cycles?
The act entitled "registration of vehicles" provides a definitional section which categorizes vehicles. K.S.A. 1993 Supp. 8-126, as amended by L. 1994, ch. 235, sec. 1. An all-terrain vehicle is defined as "[a]ny motorized off-highway vehicle 45 inches or less in width, having a dry weight of 500 pounds or less, traveling on three or more low-pressure tires, and having a seat designed to be straddled by the operator." K.S.A. 1993 Supp. 8-126(bb), as amended by L. 1994, ch. 235, sec. 1. If an ATV has three wheels, it also qualifies as a "motorcycle" pursuant to K.S.A. 1993 Supp. 8-126(d), as amended by L. 1994, ch. 235, sec. 1. If an ATV has four wheels, it qualifies as a "passenger vehicle" pursuant to K.S.A. 1993 Supp. 8-126(x), as amended by L. 1994, ch. 235, sec. 1. Registration fees required by K.S.A. 1993 Supp. 8-143 should be paid according to these categories.
A "motor-driven cycle" is not a category defined in the vehicle registration act. K.S.A. 1993 Supp. 8-143 lists registration categories for vehicles other than trucks as "motorcycles, motorized bicycles and passenger vehicles." The uniform act regulating traffic defines a "motor-driven cycle" as "every motorcycle, including every motor scooter, with a motor which produces not to exceed five (5) brake horsepower, and every bicycle with motor attached except a motorized bicycle or a low power cycle." K.S.A. 8-1439. Because this section specifically excludes a "motorized bicycle" from the definition, a "motor-driven cycle" must be registered as a "motorcycle" pursuant to K.S.A. 1993 Supp. 8-143. Therefore, an ATV which also meets the definition of a "motor-driven cycle" is to be registered as a "motorcycle."
Question 13: Are ATV's, which are not used for agricultural purposes, and which do not require the operator to straddle the vehicles, such as trucksters, mules, amphibious ATV's which have seats, etc., required to be registered and subject to personal property tax?
A vehicle which does not require the operator to straddle the seat is not an ATV according to the vehicle registration statutes' definition of an ATV. K.S.A. 1993 Supp. 8-126(bb), as amended by L. 1994, ch. 235, sec. 1. The only motor vehicles which are exempted from registration are: (1) Implements of husbandry; (2) all-terrain vehicles when used for agricultural purposes; (3) road rollers and road machinery temporarily operated or moved upon the highways; (4) municipally owned fire trucks; (5) privately owned fire trucks subject to a mutual aid agreement with a municipality; and, (6) school buses owned and operated by a school district or a nonpublic school which have the name of the municipality, school district or nonpublic school plainly painted thereon. K.S.A.8-128(a), as amended by L. 1994, ch. 235, sec. 2. Unless the vehicle in question meets one of these exceptions, it must be registered pursuant to K.S.A. 8-127.
Question 14: Are ATV's used for other than agricultural purposes required to have non-highway titles?
K.S.A. 8-197(b) defines a "non-highway vehicle" as one:
 "(1) Which is of a type required to be registered in this state, but which cannot be registered because it is not manufactured for the purpose of using the same on the highways of this state and is not provided with the equipment required by state statute for vehicles of such type which are used on the highways of this state; or
 (2) which is of a type required to be registered in this state, but which cannot be registered because it has been wrecked or damaged . . ."
An ATV does not meet the definition of a "non-highway vehicle." As we answered in questions 11, 12 and 13, an ATV can and should be registered pursuant to K.S.A. 8-127.
In conclusion, K.S.A. 8-128(a)(7) establishes an absolute ban upon the operation of all-terrain vehicles (ATVs) on federal and state highways, including any right of way. ATVs may be operated on public streets and alley ways of second or third class cities during daylight hours and during evening hours if equipped with lights as required for motorcycles. Also, ATVs may be operated on county and township roads pursuant to the same daylight restrictions. Pursuant to K.S.A. 1993 Supp. 8-235(a), an ATV may be operated only by a person with a valid driver's license. If an ATV has three wheels and qualifies as a "motorcycle" it may be operated two abreast pursuant to K.S.A. 8-1595(d). A three-wheeled ATV which qualifies as a "motorcycle" should be registered as such pursuant to K.S.A. 8-127. A person under the age of 18 who operates an ATV which is also a "motorcycle" must wear a helmet pursuant to K.S.A. 8-1598(a). An ATV with four wheels is a "passenger car" and should be registered as such pursuant to K.S.A. 8-127. An ATV is not a "slow-moving vehicle" and need not display an emblem identifying it as such. An ATV is not a "non-highway vehicle" as defined by K.S.A.8-197.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm